IN RE: SERGEANT B. E. WINKLER

No. 7226SC132

(Filed 24 May 1972)

1. **Municipal Corporations § 11— discharged policeman — civil service hearing — remand to board — error**

    The superior court erred in remanding a civil service proceeding on the dismissal of a police officer to the civil service board for a hearing *de novo*, where there is nothing in the record to suggest that the dismissed policeman either desired or was entitled to offer additional evidence, and the record discloses that the findings and conclusions of the civil service board were supported by competent, material and substantial evidence.

2. **Municipal Corporations § 11— civil service hearing — credibility and weight of testimony**

    The character and credibility of the witnesses in a civil service hearing and the weight to be given their testimony are matters to be considered and determined by the board.

APPEAL, treated as petition for certiorari, by Civil Service Board of the City of Charlotte from *Friday, Judge,* 30 August 1971 Session of Superior Court held in MECKLENBURG County.

After a proper hearing, the Civil Service Board of the City of Charlotte found, among other things, that B. E. Winkler, a

---

---

police officer, had violated the following rule of the police department:

"Rule 500-7 (bb) : Neglecting to turn over all property taken from persons arrested, or found, or seized, to the proper officer without unnecessary delay."

The Board ordered Winkler dismissed from employment. The attorney who represented Winkler at the hearing subsequently filed a petition in the Superior Court of Mecklenburg County seeking judicial review. On 6 September 1971, Judge Friday, entered an Order, in pertinent part, as follows:

"And the Court having heard the arguments of counsel for both the petitioner and respondent and having reviewed the transcript of the proceedings on file in this cause, *including statements of counsel that no criminal charge had been preferred;*

And petitioner in open court having stated to the Court that he raised no objections to the notice provisions of the proceedings before the Administrative Agency;

And the Court, after having reviewed the matters and things heretofore set forth, being of the opinion that the proceeding in its entirety should be remanded to the Charlotte Civil Service Board for a hearing de novo for the reason that said Board's findings of fact are not supported by competent, material, and substantial evidence in view of the entire record as submitted to this Court, *and particularly the substantive evidence of good character of the petitioner and further evidence of credibility of the petitioner who took the witness stand in the Administrative proceeding.*

NOW, THEREFORE, IT IS ORDERED that this cause be remanded to the Charlotte Civil Service Board for a hearing de novo within 30 days from the date of this Order and that said Board give petitioner due notice of the time and place of said hearing."

From the entry of the above Order, the Charlotte Civil Service Board appealed.

*No counsel for B. E. Winkler, appellee.*

*W. A. Watts for Civil Service Board of the City of Charlotte, appellant.*

VAUGHN, Judge.

[1, 2]  It was error to enter the Order remanding the proceeding for hearing *de novo*. There is nothing in the record to suggest that Winkler either desired or was entitled to offer additional evidence. The record discloses that the findings, conclusions and decision of the Civil Service Board were supported by competent, material and substantial evidence. The character and credibility of the witnesses, including Winkler, and the weight to be given their testimony were matters to be considered and determined by the Board.

Winkler's prior unblemished record tends to invoke the compassion of the Court as it undoubtedly did that of the able trial judge. The question of leniency is, however, quite properly for determination first, by those charged with the considerable responsibilities and duties of administering the police department and finally, by the Civil Service Board.

The Order from which the Civil Service Board appealed is reversed and the cause is remanded to the Superior Court of Mecklenburg County for entry of a judgment consistent with this opinion.

Reversed and remanded.

Judges BROCK and HEDRICK concur.